IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:24-cv-884

**TINA M. KELLY,**

Plaintiff,

vs.

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**

Defendant.

## COMPLAINT

### PARTIES

1.     Plaintiff, Tina M. Kelly, is a citizen and resident of Kannapolis, Cabarrus County, North Carolina.

2.     Defendant, Hartford Life and Accident Insurance Company (hereinafter "Hartford"), is a properly organized insurance company authorized to do business in the State of North Carolina, and does substantial business in Cabarrus County.

3.     At all times relevant to this action, Hartford provided insured long-term disability ("LTD") benefits pursuant to the "Group Short Term Disability, Long Term Disability, Basic Term Life, Basic Accidental Death and Dismemberment Plan for employees of Metrolina Nephrology Associates" ("the Plan").

4.     Hartford serves as the claims administrator and fiduciary in handling all aspects of disability benefit claims made by insured beneficiaries under the plan, including

the Plaintiff in this action.

5. Hartford has a fiduciary obligation to Plaintiff to administer the Plan fairly and impartially, for the exclusive benefit of beneficiaries such as Plaintiff.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by 29 U.S.C. § 1132.

7. Venue in the Middle District of North Carolina is appropriate by virtue of Plaintiff's residence in this district and Defendant's doing substantial business in this district.

## FACTUAL ALLEGATIONS

8. At all times relevant to this action, Plaintiff was a covered beneficiary under the group policy (Policy No. GLT767271) issued by Defendant to Metrolina Nephrology Associates (the "Policy").

9. Plaintiff worked as a nurse practitioner for Metrolina Nephrology Associates ("Metrolina") prior to her disability onset.

10. The Plan provides LTD benefits to beneficiaries who meet the Policy definition of "disability" or "disabled," as follows:

*Disability or Disabled means You are prevented from performing one or more of the Essential Duties of:*
  1. *Your Occupation during the Elimination Period;*
  2. *Your Occupation, for the 24 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-Disability Earnings; and*

2

> 3. *after that, Any Occupation.*

11. The Policy defines "Any Occupation" as:

> *Any Occupation means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than 60% of Your Indexed Pre-disability Earnings.*

12. On or about January 22, 2021, Plaintiff was forced to stop working and leave employment with Metrolina due to symptoms attributable to Post-COVID Conditions ("PCC" or "Long COVID," also referred to as Post-Acute Sequelae of COVID-19 ("PASC")), including but not limited to increasingly severe levels of cognitive dysfunction, brain fog, severe fatigue, difficulty breathing, memory impairment, muscular weakness, and trouble sleeping.

13. Plaintiff suffers from numerous conditions, including but not limited to:

    a. Post-COVID Conditions/"Long COVID";

    b. Severe cognitive dysfunction caused by Long COVID;

    c. Generalized chronic pain stemming from various medical complications from Long COVID;

    d. Insomnia;

    e. Small fiber neuropathy;

    f. Severe persistent asthma;

    g. Dysesthesia;

    h. Tachycardia;

    i. Decreased visual acuity from cataracts secondary to treatment for Long COVID;

3

j.   Chronic constipation related to rectocele prolapse (surgery repair failed with first COVID-19 infection in December 2020); and

k.   Myopathies and arthropathies in her fingers, hands, and toes.

14.   Plaintiff's conditions cause a host of debilitating symptoms, including but not limited to:

a.   Cognitive (brain) fog;

b.   Memory impairment;

c.   Forgetfulness;

d.   Impairment of time management abilities;

e.   Confusion;

f.   Comprehension impairment;

g.   Impaired ability to focus and maintain attention;

h.   Difficulty with word retrieval/recall;

i.   Headaches;

j.   Severe fatigue;

k.   Tinnitus;

l.   Chronic cough;

m.   Dyspnea;

n.   Wheezing;

o.   Shortness of breath;

p.   Chest tightness;

q.   Preorbital edema;

4

r.     Chronic sore throat;

s.     Stress intolerance;

t.     Urinary incontinence;

u.     Pain, cramping, and swelling of the joints;

v.     Stiffness;

w.     Muscle pain and weakness; and

x.     Numbness and tingling in her hands and fingers.

15.     Plaintiff was unable to perform one or more of the Essential Duties of her Occupation and of Any Occupation as a result of these conditions and symptoms and therefore sought LTD benefits under the Policy.

16.     Defendant approved Plaintiff's LTD benefit claim and paid benefits from May 1, 2021 through April 30, 2023 based upon its finding that Plaintiff was unable to perform one or more of the Essential Duties of her Occupation.

17.     Thereafter, Defendant continued payment of LTD benefits to Plaintiff based upon its finding that Plaintiff was unable to perform one or more of the Essential Duties of Any Occupation.

18.     Plaintiff is unable to perform one or more of the Essential Duties of her Occupation and of Any Occupation as a result of her conditions and symptoms.

19.     By letter dated January 4, 2024, Defendant terminated Plaintiff's LTD benefit claim.

20.     By its award letter dated May 11, 2024, the Social Security Administration found Plaintiff entitled to Social Security Disability Income benefits beginning July 2022.

21. Plaintiff timely appealed the termination of her LTD benefits by letter dated July 1, 2024, submitting argument and supporting documentation, including but not limited to:

a. Supportive letters and forms from Plaintiff's treating providers, including from Plaintiff's neurologist, pulmonary and sleep medicine doctor, psychiatric nurse practitioner, and her primary care provider;

b. Independent psychiatric testing conducted at the request of the Social Security Administration;

c. Independent vocational assessment from Ashley H. Johnson, MS, CRC, CLCP, who concluded that Plaintiff is unable to perform one or more of the Essential Duties of her Occupation, or of Any Occupation;

d. Supportive statements from John S. Gerig, M.D. and Charles Stoddard, M.D., who worked with Plaintiff at Metrolina;

e. Personal declaration authored by Plaintiff;

f. Supportive Statements from Plaintiff's family and friends;

g. Sleep diary completed by Plaintiff;

h. The full claim file from the Social Security Administration;

i. Updated medical records; and

j. Medical literature.

22. By letter dated July 1, 2024, Defendant confirmed timely receipt of Plaintiff's appeal and stated that it expected to make a decision on Plaintiff's appeal by August 15, 2024.

23. Having not received a decision or otherwise heard from Defendant by the August 15, 2024 deadline, Plaintiff requested a status update from Defendant on various occasions, including:

      a.     by email on August 26, 2024;

      b.     by phone on September 5, 2024;

      c.     by email on September 5, 2024; and

      d.     by phone on September 6, 2024.

24. Having still not received a decision or otherwise heard from Defendant, by letter dated October 2, 2024, Plaintiff again requested a status update and asked that Defendant issue benefits under the Policy's Reservation of Rights by October 9, 2024, given that Defendant had failed to issue a determination on Plaintiff's appeal on or before the deadline provided for by both the Policy and ERISA.

25. As of the date of this filing, Defendant has failed to make a determination regarding Plaintiff's administrative appeal and has otherwise failed to respond to Plaintiff's numerous requests for updates and information.

26. The Department of Labor regulation established to protect procedural fairness in ERISA claims such as Plaintiff's was enabled under Section 409 of ERISA, and is codified at 29 C.F.R. § 2560.503-1 (hereinafter, the "Regulation").

27. The Regulation requires that an administrator such as Defendant provide a claimant with the plan's benefit determination on administrative appeal within a reasonable period of time, but not later than 45 days after receipt of the claimant's request for review by the plan and/or administrator. 29 C.F.R. § 2560.503-1(i)(3)(1).

7

28.     The Regulation provides that the administrator may have an additional 45 days to render a decision on the administrative appeal if the following conditions are satisfied:

a.     The extension of time must be for "special circumstances" (such as the need to hold a hearing, if the plan's procedures provide for a hearing);

b.     Written notice of the extension must be furnished to the claimant before the termination of the initial 45-day period;

c.     The extension notice must indicate the special circumstances requiring an extension of time; and

d.     The date by which the plan expects to render the determination on review.

29 C.F.R. §§ 2560.503-1 i(1) and (i)(3)(1).

29.     The Regulation allows a maximum of 90 days to render a decision on an administrative appeal. 29 C.F.R. § 2560.503-1(i)(3)(i).

30.     The Policy explicitly provides:

*The Insurance Company will make a final decision no more than 45 days after it receives your timely appeal. The time for final decision may be extended for one additional 45 day period provided that, prior to the extension, the Insurance Company notifies you in writing that an extension is necessary due to special circumstances, identifies those circumstances and gives the date by which it expects to render its decision.*

31.     Defendant received Plaintiff's administrative appeal on July 1, 2024.

32.     Pursuant to the Regulation and the plain terms of the Policy, Defendant's deadline to notify Plaintiff of its benefit determination on review expired on or before

8

August 15, 2024.

33.     The Regulation provides that if an employee welfare benefit plan, such as Plaintiff's, fails to follow claims procedures consistent with the Regulation, it will, by operation of law, have "fail[ed] to provide a reasonable claims procedure that would yield a decision on the merits of the claim," and a claimant, such as Plaintiff, "[s]hall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act." 29 C.F.R. 2560.503-1(1).

34.     As of the filing of this Complaint, 114 days have elapsed since the filing of Plaintiff's administrative appeal. To date, Defendant has not provided any communication to Plaintiff whatsoever except for its July 1, 2024 letter confirming timely receipt of Plaintiff's administrative appeal.

35.     By operation of law, Plaintiff is deemed to have exhausted her administrative remedies and is entitled to pursue this action.

36.     As a result of Defendant's actions and inactions as described herein, even if the Policy or Plan vests discretion in Defendant to decide disability claims, which Plaintiff disputes, Defendant has failed to lawfully exercise any discretion it may have had, and any adverse determination rendered by Defendant is therefore not entitled to any deference under prevailing law.

37.     Plaintiff now has exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

9

## FIRST CLAIM FOR RELIEF:
## WRONGFUL DENIAL OF BENEFITS
## UNDER ERISA, 29 U.S.C. § 1132

38. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if set forth fully herein.

39. This is an action arising under ERISA to recover benefits due under an employee welfare benefit plan and to recover costs, attorneys' fees, and interest as provided by ERISA.

40. Plaintiff's claim relates to an employee welfare benefit plan as defined by ERISA and the subject benefit plan constitutes a plan under ERISA.

41. Defendant has wrongfully denied benefits to Plaintiff in violation of the Policy, the Plan, and ERISA for the following reasons:

a. Plaintiff is disabled, as defined by the LTD benefits Policy and Plan, in that as a result of her disability, she is unable to perform one or more of the essential duties of any occupation for which she is qualified by education, training or experience, and that has an earnings potential greater than 60% of her indexed pre-disability earnings;

b. Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is disabled, and by ignoring credible evidence that Plaintiff is unable to perform one or more of the essential duties of any occupation for which she is qualified by education, training or experience, and that has an earnings potential greater than 60% of her indexed pre-disability earnings;

10

c. Defendant's interpretation of the definition of "Disability" or "Disabled" contained in the Policy is contrary to plain language of the Policy, exceeds the permissible scope of the provisions of ERISA, the Policy, and the Plan, and is unreasonable;

d. Defendant's interpretation of "Any Occupation" contained in the Policy is contrary to the plain language of the Policy, exceeds the permissible scope of the provisions of ERISA, the Policy, and the Plan, and is unreasonable;

e. Defendant has attempted to evade the impact of Plaintiff's numerous conditions and the severe functional limitations on her ability to perform one or more of the essential duties of any occupation for which she is qualified by education, training or experience, and that has an earnings potential greater than 60% of her indexed pre-disability earnings;

f. Defendant has failed to afford Plaintiff her basic due process guarantees and procedural protections afforded under and required by ERISA and its promulgating regulations, as well as the Policy and Plan, by:

    i. refusing to render a timely decision on Plaintiff's administrative appeal;

    ii. refusing to reasonably and promptly investigate and process Plaintiff's administrative appeal and supporting documentation;

    iii. providing Plaintiff with a procedurally defective administrative review process;

11

iv.  refusing to consider relevant information submitted by Plaintiff and her medical providers;

v.  failing to provide Plaintiff with a date by which she should expect to receive a decision on review;

vi.  failing to respond to Plaintiff's numerous requests for an update regarding the status of her claim;

vii.  delaying the investigation and payment of Plaintiff's claim despite having previously evaluated Plaintiff's claim under the "Any Occupation" standard and finding that Plaintiff is unable to perform one or more of the essential duties of any occupation; and

viii.  refusing to consider Plaintiff's substantial and compelling evidence that demonstrated Plaintiff remained "disabled" under the terms of the Policy and Plan.

g.  Defendant has wrongfully denied Plaintiff a full, fair, and impartial review of her benefits by ignoring the weight and credibility of evidence submitted, looking for less credible evidence of marginal significance to support its goal of denying her benefits claim, failing to provide for a review that takes into account all comments, documents, records, medical opinions, and other information and evidence relating to Plaintiff's claim;

h.  Defendant has violated its contractual obligations to furnish LTD benefits to Plaintiff in violation of the Policy, the Plan, and ERISA;

12

i. Defendant has violated its fiduciary obligations to furnish LTD benefits to Plaintiff in violation of the Policy, the Plan, and ERISA; and

j. Defendant has violated its fiduciary obligations by failing to afford Plaintiff her basic due process guarantees and procedural protections afforded under and required by ERISA and its promulgating regulations, as well as the Policy and Plan.

42. As a result of Defendant's actions and inactions as described herein, even if the Policy or Plan vests discretion in Defendant to decide disability claims, which Plaintiff disputes, Defendant has failed to lawfully exercise any discretion it may have had, and any adverse determination rendered by Defendant is therefore not entitled to any deference under prevailing law.

**WHEREFORE**, Plaintiff prays that the Court grant her the following relief:

1. Declaratory and injunctive relief, finding that she is entitled to LTD benefits under the terms of the Policy, and that Defendant be ordered to pay LTD benefits, and all other related benefits, until such time as Plaintiff reaches age 67 or is no longer disabled;

2. Declaratory relief, finding that Defendant has failed to afford Plaintiff with her administrative due process rights under ERISA;

3. Prejudgment interest of at least the North Carolina statutory rate of 8%;

4. Attorneys' fees and expenses pursuant to 29 U.S.C. § 1132(g), or as otherwise provided by law; and

5.  Such other and further relief as the Court may deem just and proper.


This the 23rd day of October, 2024.


/s/Caitlin H. Walton

CAITLIN H. WALTON
N.C. Bar No. 49246
cwalton@essexrichards.com
**ESSEX RICHARDS, P.A.**
1701 South Boulevard
Charlotte, NC 28203-4727
Ph (704) 377-4300
Fax (704) 372-1357

*Attorney for Plaintiff*

14